# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| RUTHIE MAE STEWART, | |
| Plaintiff, | No. 09-CV-05-LRR |
| vs. | **ORDER** |
| GENERAL MILLS OPERATIONS, LLC, | |
| Defendant. | |

## I. INTRODUCTION

The matter before the court is Defendant General Mills Operations, LLC's "Motion for Judgment on the Pleadings" ("Motion") (docket no. 11).

## II. RELEVANT PROCEDURAL BACKGROUND

The instant Motion implicates the procedural background in a related case, *Stewart v. General Mills, Inc.*, 08-CV-16-LRR (N.D. Iowa 2008) ("*Stewart I*"). On January 17, 2008, Plaintiff Ruthie Mae Stewart filed a Petition (docket no. 4 in *Stewart I*) against Defendant, General Mills, Inc. and General Mills Cereals, LLC (collectively, "General Mills") in the Iowa District Court for Linn County. In *Stewart I*, Plaintiff alleged General Mills (1) subjected her to race discrimination in the form of harassment, denial of benefits and termination of her employment and (2) terminated her employment in retaliation for her complaints of race discrimination. Plaintiff alleged these acts violated her rights under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000e *et seq.,* and the Iowa Civil Rights Act of 1965 ("ICRA"), Iowa Code Chapter 216.

On February 11, 2008, General Mills removed *Stewart I* to this court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446. On December 1, 2008, General Mills filed a Motion for Summary Judgment (docket no. 14 in *Stewart I*) in which it asked the court to dismiss

Plaintiff's claims in *Stewart I*.

On December 22, 2008, while the Motion for Summary Judgment was pending in *Stewart I*, Plaintiff filed a second petition (docket no. 3) against Defendant in the Iowa District Court for Linn County (*Stewart II*). In *Stewart II*, Plaintiff alleges that Defendant violated her rights under the Family and Medical Leave Act of 1993 ("FMLA").

On January 13, 2009, Defendant removed *Stewart II* to this court pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446. On January 20, 2009, Defendant filed an Answer (docket no. 8) in which it denied the substance of the petition in *Stewart II*.

On February 11, 2009, the court granted General Mills's Motion for Summary Judgment and dismissed *Stewart I* in its entirety. Order (docket no. 23 in *Stewart I*). On that same date, the Clerk of Court entered Judgment (docket no. 24 in *Stewart I*) against Plaintiff.

On April 13, 2009, Defendant filed the Motion. On April 27, 2009, Plaintiff filed a Resistance (docket no. 16). On May 4, 2009, Defendant filed a Reply (docket no. 17).

Neither party requested oral argument on the Motion. The Motion is fully submitted and ready for decision.

### III. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(c), a motion for judgment on the pleadings may be brought after the pleadings are closed and is analyzed under the same standards that would have been employed had the motion been brought as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *St. Paul Ramsey County Med. Ctr. v. Pennington County*, 857 F.2d 1185, 1187-88 (8th Cir. 1988); *see also Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). Federal Rule of Civil Procedure 12(b)(6) provides that the court may dismiss a complaint when it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff need not provide "detailed" facts in support of its allegations; however, the pleading requirement in Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the [claim]." *Twombly*, 550 U.S. at 556.

## IV. ANALYSIS

Defendant asks the court to enter judgment on the pleadings in its favor. Defendant argues that Plaintiff's claims in *Stewart II* are barred by res judicata because they arise from the same facts and circumstances as her claims in *Stewart I*.

### A. Federal or State Law

The parties dispute whether federal or state law governs the court's res judicata analysis. Defendant argues that the court should apply federal law. Plaintiff argues that the court should apply Iowa law. The Eighth Circuit Court of Appeals has clearly stated that federal principles of res judicata apply when the prior judgment arose in a federal court under federal law. *Poe v. John Deere Co.*, 695 F.2d 1103, 1105 (8th Cir. 1982); *see also Canady v. Allstate Ins. Co.*, 282 F.3d 1005 (8th Cir. 2002) (stating same) (overruled on other grounds). *Stewart I* arose in a federal court under federal law. The fact that the case was removed from state court makes no difference. *Poe*, 695 F.2d at 1105. Accordingly, the court shall apply federal res judicata principles in its analysis of the Motion.

### B. Res Judicata

The principle behind the doctrine of res judicata is that "[f]inal judgment on the

merits precludes the relitigation of a claim on any grounds raised before or on any grounds *which could have been raised* in the prior action." *Id.* (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)) (emphasis added). "Res judicata prevents the splitting of a single cause of action and the use of several theories of recovery as the basis for separate lawsuits." *Friez v. First Am. Bank & Trust of Minot*, 324 F.3d 580, 581 (8th Cir. 2003) (citing *Hartsel Springs Ranch v. Bluegreen Corp.*, 296 F.3d 982, 986 (10th Cir. 2002)).

The doctrine of res judicata bars the relitigation of a claim if the following five elements are satisfied:

> (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action. Furthermore, the party against whom res judicata is asserted must (5) have had a full and fair opportunity to litigate the matter in the proceeding that is to be given preclusive effect.

*Rutherford v. Kessel*, 560 F.3d 874, 877 (8th Cir. 2009) (quoting *Costner v. URS Consultants, Inc.*, 153 F.3d 667, 673 (8th Cir. 1998)). The court examines each of these elements below.

### 1. *Final judgment on the merits*

The judgment in *Stewart I* was a final judgment on the merits. The court granted General Mills's Motion for Summary Judgment and dismissed the action. The court entered judgment in General Mills's favor.

Plaintiff argues, however, that the judgment in *Stewart I* has no preclusive effect because the court entered that judgment after she had filed *Stewart II*. Plaintiff cites no authority in support of this argument. If the court held that Plaintiff could proceed with *Stewart II* because Plaintiff had filed that lawsuit before the court entered summary judgment in *Stewart I*, it would defeat the purpose of res judicata. "Res judicata applies

4

to prevent repetitive suits involving the same cause of action." *Ripplin Shoals Land Co., LLC v. U.S. Army Corps of Eng'rs*, 440 F.3d 1038, 1042 (8th Cir. 2006) (citing *Lundquist v. Rice Mem'l Hosp.*, 238 F.3d 975, 977 (8th Cir. 2001)). If the court allowed *Stewart II* to proceed under these circumstances, it would effectively permit Plaintiff to file repetitive lawsuits arising from the same cause of action at issue.

The court agrees with Defendant's assessment of this argument:

> If [Plaintiff] is correct, then *every* litigant could defeat [res judicata] in *every* case by strategically delaying duplicative litigation until after an opposing party first files its dispositive motion, as [Plaintiff] did here. No court [. . .] has ever permitted the principles of finality and judicial economy [. . .] to be strategically undermined in this way.

Reply at 3 (emphasis in original). Accordingly, the court finds Plaintiff's unsupported argument to be unpersuasive and holds that judgment in *Stewart I* is entitled to preclusive effect.[1]

### 2. *Proper jurisdiction*

The parties do not dispute that the court had proper jurisdiction over *Stewart I*. Accordingly, the court finds that the second element of the res judicata analysis is satisfied.

### 3. *Same parties*

The parties do not dispute that *Stewart I* and *Stewart II* involve the same parties. Accordingly, the court finds that the third element of the res judicata analysis is satisfied.

### 4. *Same claim or cause of action*

Next, the court determines whether the instant action is based on the same claim or

---

[1] Plaintiff also argues that General Mills waived its res judicata defense "by failing to move to consolidate the two actions or to otherwise attempt, by motion, to extinguish the FMLA case[.]" Resistance at 8. The court disagrees. General Mills raised its res judicata defense in a timely fashion; that is, after the court had entered judgment in *Stewart I* and when it filed its Answer in *Stewart II*. Plaintiff cannot evade res judicata by foisting a convoluted interpretation of the Federal Rules of Civil Procedure on Defendant.

cause of action as *Stewart I*. To determine whether cases involve the same cause of action, the Eighth Circuit Court of Appeals applies the standard in the Restatement (Second) of Judgments (1982) ("Restatement"). *Banks v. Int'l Union Elec., Electrical, Technical, Salaried & Machine Workers*, 390 F.3d 1049, 1052 (8th Cir. 2004). This standard is set forth in Section 24 of the Restatement, which provides:

> When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar, the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any party of the transaction, or series of connected transactions, out of which the action arose.
>
> What factual grouping constitutes a "transaction," and what groupings constitute a "series," are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

*Id*. (quoting Restatement at § 24). Therefore, "'a claim is barred by res judicata if it arises out of the same nucleus of operative facts as the prior claim.'" *Id*. (quoting *Lane v. Peterson*, 889 F.2d 737, 742 (8th Cir. 1990)).

The court is familiar with the facts and circumstances upon which Plaintiff based her claims in *Stewart I*. The court has carefully analyzed the factual allegations in *Stewart II*. Both claims involve Plaintiff's FMLA paperwork. Specifically, both claims involve a missing signature page from Plaintiff's physician that was needed to verify a medical absence. In both *Stewart I* and *Stewart II*, Plaintiff claims that General Mills applied its attendance policy in a manner that punished her for taking medical leave due to the missing signature page. The claims arise out of the same time, space and motivation. The claims could have been tried together in one action.

Plaintiff argues that the court should not consider *Stewart I* and *Stewart II* to be the

same cause of action because they involve different legal issues. Plaintiff contends that her civil rights claims in *Stewart I* required proof of different elements than her FMLA claim in *Stewart II*. This distinction, however, has no bearing on res judicata. "Final judgment on the merits precludes the relitigation of a claim on any grounds raised before or on any grounds *which could have been raised* in the prior action." *Poe*, 695 F.2d at 1105 (emphasis added). The question is not whether the prior and present actions require proof of different legal elements. Rather, the question is whether Plaintiff could have raised her FMLA claim in *Stewart I*. The court concludes that she could have.

The court is satisfied that *Stewart I* and *Stewart II* arose out of the same nucleus of operative facts. Accordingly, the court concludes that the fourth element of res judicata has been satisfied.

### 5. *Full and fair opportunity to litigate*

The parties do not dispute that Plaintiff had a full and fair opportunity to litigate the instant dispute in *Stewart I*. However, rather than join her FMLA claim with her civil rights claims by seeking to amend the pleadings, Plaintiff chose to file a second lawsuit. As a result, Plaintiff has caused both the court and Defendant to waste time and resources.

### 6. *Summary*

In summary, the court finds that Defendant has satisfied all the elements necessary to apply the doctrine of res judicata. Accordingly, the court shall grant the Motion and dismiss the Petition.

## V. CONCLUSION

In light of the foregoing, the Motion (docket no. 11) is **GRANTED** and the Petition (docket no. 3) is **DISMISSED WITH PREJUDICE**. The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant.

**IT IS SO ORDERED.**

**DATED** this 30th day of September, 2009.

*[signature]*
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA